# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BENNETT, CDCR #F-02704, <br><br> Plaintiff, <br><br> vs. <br><br> WYETH PHARMACEUTICALS; AURORA BHC; LINDA BARNETT <br><br> Defendants. | Civil No. 09cv0790 IEG (WMc) <br><br> **ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On June 2, 2009, James Bruce Bennett ("Plaintiff"), a state prisoner currently incarcerated at Avenal State Prison located in Avenal, California and proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. In his original Complaint Plaintiff alleged that he was forced to take medication manufactured by Wyeth Pharmaceuticals that triggered a "manic reaction" by Plaintiff. (*See* orig. Compl. at 3.)

The Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See*

June 2, 2009 Order at 5-6. Plaintiff was granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 6. On July 2, 2009, Plaintiff filed his First Amended Complaint ("FAC").

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

### A. 42 U.S.C. § 1983

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B. Private Parties

Plaintiff is seeking to hold Defendant Wyeth Pharmaceutical and Aurora Behavioral Health Care, a private rehabilitation facility, liable for an adverse drug reaction. Specifically Plaintiff alleges that the drug "Effexor" caused him to have a "mania, psychosis, rage" which led to Plaintiff assaulting Linda Barnett. (*See* FAC at 4-5.)

1    Plaintiff was informed in the Court's June 2, 2009 Order that he must allege facts from which the Court could find that the Defendants were acting "under color of state law." (*See* June 2, 2009 Order at 4; citing *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii)). Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). In other words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the state. *Rendell-Baker*, 457 U.S. at 838; *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987). Plaintiff appears to attempt to allege state action on the part of the Defendants by claiming that these entities receive funds from the State of California and Federal Government. (*See* FAC at 2.) However, these facts alone simply do not rise to the level of state involvement that is required to find these private entities liable under § 1983 for the alleged violation of Plaintiff's constitutional rights.

Accordingly, the Court DISMISSES Plaintiff's First Amended Complaint, without leave to amend, for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time,

leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk of Court shall close the file.

**DATED: July 15, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**